# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

EVANGELINA FORSBERG,  :
:
    Plaintiff,  :
:
v.  : CIVIL ACTION NO.
: 1:07-CV-3116-JOF
JAMES PEFANIS, et al.,  :
:
    Defendants.  :

## OPINION AND ORDER

The instant matter is before the court on the Honorable Russell G. Vineyard's Non-Final Report and Recommendation [105] recommending that Defendants James Pefanis, AME Financial Corporation and Georgia Mutual Mortgage Corporation's Motion for Partial Summary Judgment [72] be denied and Plaintiff Evangelina Forsberg be allowed to proceed with her claims alleging sexual harassment and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, and violations of O.C.G.A. § 34-2-10.

Defendants raise three primary objections to Magistrate Judge Vineyard's report. First, Defendants dispute whether Plaintiff has adequately shown that the alleged harassment was "because of sex" as required by Title VII. Second, Defendants dispute whether it is appropriate to introduce evidence in the instant sexual harassment case involving a white female that the alleged harasser allegedly harbored racial prejudice. Lastly, Defendants

object to Magistrate Judge Vineyard's recommendation that Plaintiff be allowed to proceed with her claim under O.C.G.A. § 34-2-10(a). Defendants contend that this statute does not apply to sexual harassment claims and only covers physical conditions in the workplace.

The court is unpersuaded as to Defendants' first objection, and the court finds Defendants' second objection to be an untimely request for a motion in limine. Having read and considered Magistrate Judge Vineyard's thorough and well-reasoned analysis of Plaintiff's Title VII claims, this court ADOPTS the Non-Final Report and Recommendation as the order of the court with respect to those claims.

The court DECLINES to adopt Magistrate Judge Vineyard's analysis of Plaintiff's claims under O.C.G.A. § 34-2-10 and agrees with Defendants that this provision, passed more than seventy years ago, does not apply to sexual harassment in the workplace.

Section 34-2-10 contained in the "Department of Labor" chapter of the Georgia code and entitled "Employer's duty with respect to provisions of sale employment generally" states:

> (a) Every employer shall furnish employment which shall be reasonably safe for the employees therein, shall furnish and use safety devices and safeguards, shall adopt and use methods and processes reasonably adequate to render such an employment and place of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees.
>
> (b) Every employer and every owner of a place of employment, place of public assembly, or public building, now or hereafter constructed, shall so construct, repair, and maintain such facility as to render it reasonably safe.

2

Section 34-2-10 has generally been invoked in claims involving physical injury in the workplace. *See, e.g.*, *Sams v. United Food & Comm'l Workers Int'l Union*, 866 F.2d 1380 (11th Cir. 1989) (addressing employee burned in an explosion); *Englehart v. Oki Am.*, 209 Ga. App. 151 (1993) (addressing employee who fell through a hole on a construction site). Two Georgia courts have explicitly addressed this statute in the context of sexual harassment actions; however, neither court substantively addressed whether section 34-2-10 may be used in the sexual harassment context. *See MARTA v. Mosley*, 280 Ga. App. 486 (2006) (stating that plaintiff could not maintain claim because there was no allegation of a threat to physical safety); *Travis Pruitt & Associates, P.C. v. Hooper*, 277 Ga. App. 1 (2005) (ruling on procedural ground trial court did not consider plaintiff's claim under O.C.G.A. 34-2-10 and thus did not err in denying summary judgment on this claim).

In finding in favor of the Plaintiff here, Magistrate Judge Vineyard relied upon this court's analysis of *Orquiola v. National City Mortgage Company*, 510 F. Supp. 2d 1134 (N.D. Ga. 2007) (King, J.). In *Orquiola* the Honorable Janet F. King issued a Report and Recommendation addressing claims of hostile work environment, tangible employment action sexual harassment, retaliation, and various state law violations including O.C.G.A. § 34-2-10. Magistrate Judge King found that the plaintiff's allegations did not support a claim for hostile work environment but that the plaintiff had properly alleged retaliation and

3

demotion on the basis of sex. With respect to the plaintiff's section 34-2-10 claim, Magistrate Judge King found:

> Plaintiff has failed to show how [an employee's] actions in making sexual advances toward her on two occasions could possibly make [her employer] liable for providing the type of unsafe environment contemplated by O.C.G.A. § 34-2-10(a). Moreover, Plaintiff has not cited to any caselaw, and the undersigned has found none, holding that this statute can provide the basis for a claim with facts similar to the present case. Summary judgment is warranted on this claim.

*Orquiola*, 510 F. Supp. 2d at 1162. This court reviewed Magistrate Judge King's Report and Recommendation and held:

> In her Report and Recommendation, Magistrate Judge King found that Plaintiff's claim for failure to provide a safe working environment arose out of O.C.G.A. § 34-2-10(a). Magistrate Judge King noted, however, that Plaintiff had provided no citation to any case law which permitted such a claim to be raised on facts such as were present here and recommended summary judgment as to this claim. Plaintiff has not filed any objection to this recommendation and the court adopts it.

*Orquiola v. Nat'l City Mortg. Co.*, 510 F. Supp. 2d 1134, 1139 (N.D. Ga. 2006) (Forrester, J.). In issuing his Report and Recommendation, Magistrate Judge Vineyard understood the opinion of this court to have "left open the question of whether O.C.G.A. § 34-2-10(a) would apply in a factually different sexual harassment case."[1] (Non-Final R&R at 41). The court writes today to clarify its holding in *Orquiola* and its holding in the instant matter, that

---

[1] The court notes that the Honorable Judge Thomas W. Thrash, Jr., affirmed Magistrate Judge Vineyard's opinion as to this issue by adopting his Non-Final Report and Recommendation in *LaRue v. First Trans Payment Solutions*, LLC, No. 1:07-CV-338 (N.D. Ga. May 16, 2007).

4

AO 72A
(Rev.8/82)

O.C.G.A. § 34-2-10 may not be used to hold an employer liable for sexual harassment in the workplace.

The Honorable Russell G. Vineyard's Non-Final Report and Recommendation [105] is ADOPTED-IN-PART. Defendants' Motion for Partial Summary Judgment [72] is DENIED as to Count I (Unlawful Sexual Harassment and Discrimination Under Title VII) of Plaintiff's complaint and is GRANTED as to Count VI (Violations of O.C.G.A. § 34-2-10).

**IT IS SO ORDERED** this 27th day of March 2009.

s/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)