**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| Evangelina Forsberg, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:07-cv-03116-JOF-RGV |
| James Pefanis, et al., : | |
| : | |
| Defendants. : | |
| : | |

## **OPINION & ORDER**

As the court informed the parties orally at a hearing on October 6, 2009, in *Smith v. Pefanis, et al.*, Civil Action No. 08-CV-1042-JOF, because the court has struck the answer in this case, the case will be tried to a jury on the well-pleaded allegations of the complaint. The court has found that the following counts are well-pleaded: sexual harassment and discrimination under Title VII (One); negligent hiring and retention (Two); assault and battery (Three); false arrest and false imprisonment (Four); invasion of privacy (Five); and 42 U.S.C. § 1985(2) (Seven). The court informed the parties that it intended to consider further whether Title VII retaliation (Count Eight) was well-pleaded.

A former employee may bring a retaliation claim against a former employer for post-termination actions of that employer. *See, e.g., Robinson v. Shell Oil Co.*, 519 U.S. 337

(1997) (term "employees" used in anti-retaliation provision of Title VII includes former employees); *Sherman v. Burke Contracting, Inc.*, 891 F.2d 1527, 1532 (11th Cir. 1990) (involving former employer who persuaded new employer to fire former employee), *superseded in part by statute on other grounds as stated in*, *Andrews v. Lakeshore Rehab. Hosp.*, 140 F.3d 1405 (11th Cir. 1998); *Bailey v. USX Corp.*, 850 F.2d 1506, 1509-10 (11th Cir. 1988) (involving negative reference by former employer).

In *Waters v. Home Depot U.S.A., Inc.*, 159 Fed. Appx. 943 (11th Cir. 2005) (per curiam) the Eleventh Circuit stated that "Title VII prohibits retaliation against employees – including former employees – when the employee has filed a charge of discrimination against the employer." *Id.* at 944. "But to be actionable under Title VII's anti-retaliation provision, the former employee must show that she suffered an adverse employment act." *Id.* "To constitute an adverse employment act, an employer's post-termination activities must work a serious and material change in the former employee's terms and conditions of [her current or prospective] employment." *Id.* The court held, therefore, that a former employer's termination of a cleaning contract with a company in which the former employee had acquired an interest after her termination was not an adverse employment act under Title VII and therefore did not support a Title VII retaliation claim.

*Waters*, however, was decided before the Supreme Court case of *Burlington N. & Sante Fe Ry. Co. v. White*, 548 U.S. 53 (2006), which announced a new rule which redefined

2

the standard for retaliation claims in Title VII cases. *See*, *e.g.*, *Crawford v. Carroll*, 529 F.3d 961 (11th Cir. 2008). "Under the holding of *Burlington*, the type of employer conduct considered actionable has been broadened from that which adversely affects the plaintiff's conditions of employment or employment status to that which has a materially adverse effect on the plaintiff, irrespective of whether it is employment or workplace-related." *Id.* at 973. The Supreme Court explained that "a materially adverse action 'means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Id.* at 973-74 (quoting *Burlington*, 548 U.S. at 57).

Here, Plaintiff alleges in her complaint that Defendants learned in October 2007 that she intended to file discrimination claims. In March 2008, Defendant Pefanis spoke with a business associate of Plaintiff's and threatened to "shut your business down" by reporting the associate and the business to regulatory agencies for improprieties unless the associate pressured Plaintiff to dismiss her complaint. *See* Amended Cmplt., ¶ 39. In March 2008, Mr. Anderson, Defendants' employee, contacted an individual at Plaintiff's current employer to pressure the current employer to get Plaintiff to drop the lawsuit and to terminate Plaintiff if she did not do so. *Id.*, ¶ 41. In March 2008, Defendant Pefanis sent a text message to Plaintiff's current employer attempting to intimidate the employer with public and private humiliation to terminate Plaintiff if she did not drop the lawsuit. *Id.*, ¶ 42. Plaintiff contends that "Defendants' contacts and communications with Plaintiff's

3

AO 72A
(Rev.8/82)

current employer in an effort to have that employer force her to dismiss this lawsuit or face adverse employment action" constitutes retaliation. *Id.*, ¶ 84.

"The anti-retaliation provision [of Title VII] protects an individual not from all retaliation, but from retaliation that produces an injury or harm." *Burlington*, 548 U.S. at 67. "A plaintiff must show that a reasonable employee would have found the challenged action materially adverse." *Id.* at 68. Based on the standard set forth in *Burlington*, the court finds (as did the Magistrate Judge in his Report and Recommendation) that Plaintiff's retaliation claim is well-pleaded.

**IT IS SO ORDERED** this 6th day of October 2009.


                                            /s J. Owen Forrester
                                          J. OWEN FORRESTER
                       SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)