IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Evangelina Forsberg, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| | : 1:07-cv-03116-JOF |
| James Pefanis, et al., | : |
| Defendants. | : |

## OPINION & ORDER

This matter is before the court on Defendant Pefanis's motion for immediate release [316].

On March 29, 2010, the court found Defendant Pefanis in civil contempt for failure to comply with certain post-judgment discovery requests and placed him into the custody of the United States Marshal Service. On May 13, 2010, the court held a hearing on Defendant Pefanis' motion for release and motion to stay. The court denied both motions.

On May 28, 2010, Defendant Pefanis filed a suggestion of bankruptcy and in conjunction with it a motion for his immediate release. Defendant Pefanis contends that he has filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the

Southern District of Florida and under the terms of the automatic stay, 11 U.S.C. § 362(a), the court is required to discontinue its enforcement of its civil contempt order.

The automatic stay of § 362(a) applies unless one of the exceptions in § 362(b) is relevant. Civil contempt is not listed in the § 362(b) exceptions. For this reason, some courts have held that civil contempt proceedings are never excepted from the automatic stay. *See*, *e.g.*, *Atkins v. Martinez*, 176 B.R. 998, 1006 (Bankr. D. Minn. 1994).

The majority of courts, however, have considered whether the civil contempt proceeding is one intended to effectuate collection of a judgment or one which is intended to uphold the dignity of the court. If it is to uphold the court's dignity, the civil contempt order is outside the scope of the bankruptcy stay. *See*, *e.g.*, *Kukui Gardens Corp. v. Holco Capital Group, Inc.*, 675 F. Supp. 2d 1016, 1027 (D. Haw. 2009); *In re Lowery*, 292 B.R. 645 (Bankr. E.D. Mo. 2003); *Stovall v. Stovall*, 126 B.R. 814, 815 (N.D. Ga. 1990) (Murphy, J.) (holding that contempt intended to uphold dignity of court not stayed by bankruptcy filing even where contempt judgment is payable to opposing party). *See also U.S. Sprint Communications Co. v. Buscher*, 89 B.R. 154, 156 (D. Kan. 1988) ("[i]t is within [a] court's inherent power to take whatever steps necessary to ensure those persons within its power comply with its orders. The court cannot conceive that Congress intended to strip the court of this power, and instead permit a party to blatantly violate direct orders of the court and then seek shelter from a bankruptcy judge."). *But see In re Wiley*, 315 B.R. 682

(Bankr. E.D. La. 2004) (finding contempt order issued against debtor by state court ordering him to appear for deposition violated automatic stay).

In considering the totality of the circumstances here, the court finds that its civil contempt order is designed to uphold the dignity of the court and not to effectuate collection of a judgment. The court has repeatedly discussed the manner in which Defendant Pefanis has flouted the judicial system and ignored his obligations. Other Defendants in this case share this tendency. Responding to the Rule 69 post-judgment discovery requests does not require the transfer of any money from Defendant Pefanis to Plaintiff to satisfy all or a portion of any judgment that has been rendered against Defendant in favor of Plaintiff. Rather, compliance with the court's order simply requires the production of certain documents and information, materials the court has directed to be produced since at the very latest December 2009, almost 6 months ago and prior to Defendant Pefanis' filing of a petition for bankruptcy. The court is aware that the discovery ordered to be produced could eventually lead to the collection of a judgment, but at this point in the litigation, the court finds that securing Defendant Pefanis' compliance with the court's orders is clearly about the dignity of the court and therefore outside the scope of the automatic stay.

For the foregoing reasons, the court DENIES Defendant Pefanis' motion for immediate release [316].

AO 72A
(Rev.8/82)

**IT IS SO ORDERED** this 7th day of June 2010.


                                                    /s  J. Owen Forrester
                                                      J. OWEN FORRESTER
                                SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)