IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EVANGELINA FORSBERG | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO.: |
| | ) | 1:07-cv-3116-JOF |
| JAMES PEFANIS, AME FINANCIAL | ) | |
| CORPORATION; GEORGIA | ) | |
| MUTUAL MORTGAGE | ) | |
| CORPORATION; and LENDX | ) | |
| FINANCIAL, LLC | ) | |
| | ) | |
| Defendants. | ) | |

## EMERGENCY MOTION FOR PROTECTIVE ORDER AND/OR GUIDANCE FROM THE COURT AND BRIEF IN SUPPORT THEREOF

COMES NOW Non-Party Robert Duer, by and through his undersigned counsel, and files this Emergency Motion for Protective Order and/or Guidance from the Court and Brief in Support Thereof, showing the Court as follows:

Today, Defendant LendX Financial, LLC filed a Voluntary Petition of Bankruptcy in the Northern District of Georgia (Case No. 10-76803). The remaining defendants have all filed bankruptcy petitions as well. (James Pefanis – 10-25051-epk (N.D. Florida) filed on 5/28/10; AME Financial Corporation – 10-20191-reb (N.D. Georgia) filed on 1/18/10; Georgia Mutual Mortgage Corporation

– 10-20190-reb (N.D. Georgia) filed on 1/18/10). As such, there are no remaining Defendants in this action who are outside of bankruptcy.

Plaintiff is scheduled to take the deposition of Robert Duer tomorrow.[1] Counsel for Duer would like to cooperate with Plaintiff's counsel but is concerned that if they proceed with the deposition of Mr. Duer tomorrow, they will knowingly violate federal law. Specifically, they believe that moving forward with Mr. Duer's deposition will violate the automatic stay provision of 11 U.S.C. § 362. Duer's counsel is aware of the Court's Order issued today, holding that the civil contempt order against Defendant Pefanis regarding his failure to produce certain documents and information is outside from the scope of the bankruptcy stay. *See* Dkt. 317. Duer's counsel understands that the Court held the bankruptcy stay does not apply to the civil contempt order because the order was one which is designed to uphold the dignity of the Court. *Id.*

Duer's counsel, however, is not sure whether the taking of Mr. Duer's deposition is also outside the scope of the bankruptcy stay. Duer's counsel is presently unaware of how Mr. Duer, through his deposition testimony, could absolve Defendant Pefanis of his contempt and uphold the dignity of the Court, as

---

[1] The depositions of Sean Murla and Lee Farkas have already been taken by Plaintiff's counsel.

only Defendant Pefanis is capable of taking the actions necessary to comply with the Court's order to produce certain documents and information.

Duer's counsel is also not presently aware of any other exceptions to the automatic bankruptcy stay that would allow Plaintiff's counsel to move forward with Mr. Duer's deposition tomorrow. In addition, should Mr. Duer's deposition fall under some exception to the automatic bankruptcy stay, Duer's counsel would like to ensure that any questions to Mr. Duer stay within the scope of such exception.

Duer's counsel has discussed these issues with Plaintiff's counsel, who has expressed his opinion that the deposition should move forward with little or no limitation. Because Duer's counsel does not wish to knowingly violate federal law, they respectfully seek guidance from the Court on this issue and/or a protective order from the Court preventing the taking of Mr. Duer's deposition at this time.

Counsel for Mr. Duer and for Plaintiff are available to discuss this with the Court via teleconference at 9:30 a.m., tomorrow, Tuesday, June 8, 2010 or at any time the Court is otherwise available.

This 7th day of June, 2010.

Respectfully submitted,

**FOLTZ MARTIN, LLC**

                                                      /s/ Jonathan E. Hawkins
                                                Halsey G. Knapp, Jr.
                                                Georgia Bar No. 425320
                                                Jonathan E. Hawkins
Five Piedmont Center, Suite 750       Georgia Bar No. 338779
Atlanta, Georgia 30305-1541
Telephone:  (404) 231-9397
Facsimile:  (404) 237-1659
Email: hknapp@foltzmartin.com
Email: jhawkins@foltzmartin.com

## CERTIFICATE OF FONT SIZE

I certify that this brief has been prepared in Times New Roman font, 14

point, a font that complies with Local Rule 5.1.

This 7th day of June, 2010.

Respectfully submitted,

**FOLTZ MARTIN, LLC**


  /s/ Jonathan E. Hawkins
Halsey G. Knapp, Jr.
Georgia Bar No. 425320
Jonathan E. Hawkins
Georgia Bar No. 338779

Five Piedmont Center, Suite 750
Atlanta, Georgia 30305-1541
Telephone:  (404) 231-9397
Facsimile:  (404) 237-1659
Email: hknapp@foltzmartin.com
Email: jhawkins@foltzmartin.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of **Emergency Motion for Protective Order and/or Guidance from the Court and Brief in Support Thereof** was electronically mailed with the Clerk of Court using the CM/ECF System which will automatically send an email notification of such filing to the following attorney of record:

Thomas J. Munger
Benjamin A. Stone
Munger & Stone, LLP
999 Peachtree Street, NE
Suite 2850
Atlanta, Georgia 30309

This 7th day of June, 2010.

Respectfully submitted,

**FOLTZ MARTIN, LLC**

   /s/ Jonathan E. Hawkins
Halsey G. Knapp, Jr.
Georgia Bar No. 425320
Jonathan E. Hawkins
Georgia Bar No. 338779

Five Piedmont Center, Suite 750
Atlanta, Georgia 30305-1541
Telephone: (404) 231-9397
Facsimile: (404) 237-1659
Email: hknapp@foltzmartin.com
Email: jhawkins@foltzmartin.com