IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Evangelina Forsberg, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:07-cv-03116-JOF |
| James Pefanis, et al., : | |
| : | |
| Defendants. : | |
| : | |

**OPINION & ORDER**

This matter is before the court on Plaintiff's motion for attorney's fees [194]; Plaintiff's motion for sanctions against Defendants and LendX for further fraud on the court [224]; and Plaintiff's emergency motion for preliminary injunction and to appoint receiver [231].

Plaintiff was awarded damages by a jury. Thereafter, Plaintiff filed a motion seeking $332,937 in attorney's fees and $3,750 in expert fees from Defendants pursuant to 42 U S.C. § 2000-5(k), 42 U.S.C. § 1988, and O.C.G.A. § 13-6-11. On January 28, 2010, Defendants AME Financial Corporation and Georgia Mutual Mortgage Corporation filed suggestions of bankruptcy with this court. On May 28, 2010, Defendant Pefanis filed a suggestion of bankruptcy. LendX filed for bankruptcy on June 7, 2010. As the court has discussed in

previous orders, these filings obviously implicate the automatic stay, 11 U.S.C. § 362(a). Unlike the matters of civil contempt with respect to Messrs. Eckland and Pefanis, the court finds that the issue of an award of attorney's fees does fall within the scope of the automatic stay. The court, however, is also aware that Plaintiff is challenging the Defendants' bankruptcy filings. Should the status of those filings change at any time, the court grants Plaintiff leave to renew her motion for attorney's fees. Plaintiff need not re-file the entirety of the pleading at that time, but may simply file a renewal of the motion. The court DENIES WITH LEAVE TO RENEW Plaintiff's motion for attorney's fees [194].

On December 16, 2009, Plaintiff filed a motion for sanctions against Defendants and LendX for further fraud on the court related to alleged witness tampering of two individuals from Thinline IT, a computer company hired by Defendants to work on website issues. As sanctions, Plaintiff asked the court to (1) enter default judgment against Defendants in the related *Smith* case, (2) order LendX to produce financial records, (3) add LendX as a party and judgment debtor to the *Forsberg* judgment, and (4) reconsider its current position to hold off criminal referrals of the wrongdoers in these cases until after the cases are over.

As events continue to overtake motions in this case, the court has ordered the production of LendX financial records in conjunction with the Eckland contempt proceedings. The court also added LendX as a judgment debtor in an order dated December 23, 2009. Although the Thinline matter was discussed before the court on affidavit and in

2

numerous hearings, the two individuals at issue were never called to testify before the court and the court is not going to grant default judgment in the *Smith* case based only on the evidence in the record before the court at this time.  Finally, the court and the parties on previous occasions have had the opportunity to discuss the interest of the United States Attorney's Office in this case.  For these reasons, the court DENIES AS MOOT Plaintiff's motion for sanctions against Defendants and LendX for further fraud on the court [224].

On December 23, 2009, Plaintiff asked the court to appoint a Receiver over the assets and business of Defendants AME, GMMC, LendX, and Pefanis, and to enter a preliminary injunction prohibiting the transfer of further assets by any Defendant, except for LendX to pay payroll, utility bills and rent and to permit good faith mortgages to non-owners or insiders.  All four of these entities are in bankruptcy.  Plaintiff is vigorously pursuing assets through a variety of means and, appropriately, bringing issues to the court whenever necessary.  The court intends to maintain an active involvement in adjudicating any issues that develop in this process.  While the court does not rule out the appointment of a Receiver in the future, it does not believe a Receiver is appropriate at this time.  Therefore, the court DENIES Plaintiff's emergency motion for preliminary injunction and to appoint receiver [231].

**IT IS SO ORDERED** this 14th day of June 2010.

　　　/s   J. Owen Forrester　　　  
J. OWEN FORRESTER  
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)