IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Evangelina Forsberg, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:07-cv-03116-JOF |
| James Pefanis, et al., | : |
| | : |
| Defendants. | : |
| | : |

**OPINION & ORDER**

This matter is before the court on Defendant Pefanis' supplemental brief in support of the release and request for hearing [327].

During the course of the contempt proceedings against Defendant Pefanis, the court has discussed various categories of document requests that Defendant Pefanis has not fully produced. At the March 26, 2010 evidentiary hearing, for example, the court found that Defendant Pefanis was in contempt with respect to (1) the alleged hypothecation of $ 4.3 million in real property on the AME 2009 balance sheet, (2) the application to Colonial Bank for a line of credit which lists Defendant Pefanis as having $200,000 in life insurance, and (3) the bank account listed as Gateway on the AME balance sheet, but which Defendant Pefanis contended did not exist at Gateway. That same day, the court ordered Defendant

Pefanis to be taken into custody until he could purge his contempt. Defendant Pefanis' counsel then set about attempting to collect documents or evidence relating to these three categories of contempt.

The court held another hearing on May 13, 2010, at which the court heard further argument from counsel and denied Defendant Pefanis' motion for release from custody based on these same three categories of documents. On June 22, 2010, the court held a third hearing. Defendant Pefanis' counsel presented records of an e-mail exchange with officials at Gateway Bank regarding whether any Defendant did have or ever had an account at Gateway. Defendant Pefanis' counsel also presented a statement of the outstanding debts on the four "hypothecated" properties, in conjunction with the appraisal value of each property from a real estate agent. The court determined with respect to the real property that it was equally possible that the hypothecation theory is a lie as it is possible that the real estate actually existed so that Defendant Pefanis would not remain in custody on contempt as to that issue.

The court continued, however, to have concerns about the Gateway account issue. While the court found that the e-mail exchange puts forward some evidence that the account did not exist at Gateway, the account listed on AME's monthly financial statements fluctuates so that there is persuasion to the argument that an account exists somewhere with that amount of money. Therefore, the court determined that Defendant Pefanis had not

2

purged his contempt on the Gateway issue. Because there seems to be some confusion on the issue based on Mr. Franco's brief, the court did not state that Mr. Franco had to prove that the account listed as a Gateway account is really a Colonial Bank account. *See* Docket Entry [327], at unnumbered 2. Rather, what the court stated was that there is an inference based on the AME monthly account statements that a bank account with this balance existed. The court is satisfied for the moment based on the e-mail documentation provided by Mr. Franco that this account is not housed at Gateway. The court is also not aware of any inference that the account is phoney because the amount fluctuates. However, the court has no opinion on what the account may be or where it is lodged. But it is Defendant Pefanis' obligation to explain what account it is.

With those comments in mind, the court turns to the statement provided to Mr. Franco by Defendant Pefanis' proffered expert, Jerry Culver. Mr. Franco argues that Mr. Culver's statement shows that the amounts listed on the AME monthly statements actually correspond to a Colonial Bank account. The court disagrees with this interpretation of Mr. Culver's statement. Mr. Culver states that as to four months near the end of 2008, he notes the AME balance sheet indicates $11,142.20 in Account #1190 under the title of Gateway. Further, from February 2209 through July 2009, the difference between actual bank balances (at an unnamed account) and AME's balance sheets is consistently $11,142.20. Mr. Culver

3

then goes on to state that if Account #1190 were Gateway, the same difference would not continuously appear.

The court has had difficulty in discerning the meaning of Mr. Culver's statements and the spreadsheet he refers to was not attached to Defendant Pefanis' motion. It does not appear to the court that Mr. Culver states the Colonial Bank account statements match the amounts listed each month on AME's balance sheets but for the $11,142.20 difference that remains consistent throughout. It also does not appear to the court that Mr. Culver affirmatively concludes that the account labeled as Gateway is in fact Colonial Bank. Until the court has a better understanding of Mr. Culver's proffer, the court will not schedule a hearing in this matter. Therefore, the court DENIES WITH LEAVE TO RENEW Defendant Pefanis' motion for hearing and release from custody [327].

The court also notes with respect to Plaintiff's response to Defendant Pefanis' motion that as to the current contempt proceedings, the court and the parties have been focused on the three (and now one) categories of documents noted above. Plaintiff infers that there is evidence that $130,000 has been moved by Defendant Pefanis to a different bank account and the records for that account have not been produced. Plaintiff also contends that there is now information available to demonstrate that Defendant Pefanis was involved in the formation and operation of LendX and had assets in LendX and, thus, would be able to produce LendX asset documents. While this might be material arguably ordered by the court

4

to have been produced, the contempt proceeding has gone forward on the categories of documents noted above. If Plaintiff wishes to bring additional contempt proceedings against Defendant Pefanis, she should file a separate motion.

**IT IS SO ORDERED** this 30th day of June 2010.

                                        /s   J. Owen Forrester
                                        J. OWEN FORRESTER
                        SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)