IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EVANGELINA FORSBERG, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION NO. |
| | : 1:07-CV-3116-CC |
| JAMES PEFANIS, ET AL., | : |
| Defendants. | : |

**ORDER**

This matter is before the Court on the Motion to Withdraw as Counsel [Doc. No. 466] and the Amended Motion to Withdraw as Counsel [Doc. No. 468] filed by Leonard Louis Franco, counsel for Defendant James Pefanis.

In his initial motion to withdraw, Franco asserts that Pefanis has been unable to make payments toward counsel fees and that he (Franco) has experienced health problems with longer than anticipated recovery times. In his amended motion, Franco further explains that he is having difficulty concentrating on his law practice in light of the unexpected death of his son. Franco also asserts that he cannot invest any more time in representing Pefanis without payment.[1]

---

[1] Rule 83.1(E) requires an attorney wishing to withdraw as counsel to provide notice to the client prior to filing a motion to withdraw. LR 83.1(E). The rule sets out specific information that must be included in that notice to the client. The rule also requires that the notice be attached to the attorney's motion to withdraw. Franco's initial motion to withdraw did not meet the requirements of LR 83.1(E). Franco's amended motion comes closer to complying with the rule. The amended notice states that Franco previously gave Pefanis notice of Franco's desire to withdraw. Although, the rules require that the notice, which includes the Rule 83.1(E) disclosures, be attached to counsel's motion, Franco included the required information in the body of his motion. It is unclear whether Franco provided the notice required under Rule 83.1(E) to Pefanis before the filing of the Amended Motion. Nevertheless, considering that Franco's motion has been pending for several months and Pefanis has filed a response opposing Franco's withdrawal, the Court finds that, if Franco's motion is not in strict compliance with the local rule, Pefanis has not been prejudiced by any such noncompliance. See Vig v. All Care Dental, P.C., No.

Defendant Pefanis filed a response opposing Franco's motion to withdraw. Pefanis argues that Franco never advised Pefanis of any health issues that would preclude Franco from providing full and confident representation.  Pefanis also argues that he fully disclosed his financial situation to Franco before Franco agreed to represent him.  Pefanis contends that he has used all of his disposable income to pay the legal fees of Franco's law firm and he would be unfairly prejudiced if Franco was allowed to withdraw this late in the proceeding as he does not have the resources to pay another law firm to fully review the prior pleadings.  In addition, Pefanis states that he has diligently made payments toward all legal services and that he is unaware of any nonpayment of fees. Yet, Pefanis asks the Court to require Franco to continue to represent him and institute a financial payment plan based upon Pefanis's income.  If the Court does allow Franco to withdraw,  Pefanis requests an extension of time to respond to pleadings and find new counsel.[2]

Local Rule 83.1 states that "counsel will not ordinarily be allowed to withdraw after  pretrial or at a time when withdrawal will cause a delay in the trial of the case." LR 83.1(E)(1), NDGa.  Before granting such a motion to withdraw, "it is incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel, and that the withdrawal of counsel is for good cause."  Broughten v. Voss, 634 F.2d 880, 882-83 (5th Cir. 1981) (citation omitted). "Under standards employed by the federal courts, withdrawal should be denied where the client's rights will be prejudiced by the delay caused by replacing counsel and where the trial calendar of the court will be dislocated so as to impede

---

1:11-CV-4487-WSD, 2013 WL 210895, at *2 (N.D. Ga. Jan. 18, 2013) (granting motion to withdraw where counsel arguably  complied with Local Rule 83.1 and any deficiencies in his notice did not prejudice defendants).

[2] In his response, Pefanis requests additional time to respond to Plaintiff's outstanding motion for contempt sanctions.  Since the filing of his response, Pefanis has filed a response to the outstanding motion for contempt.

- 2 -

the interest of justice." Lewis v. Haskell Slaughter Young & Rediker, LLC, 582 F. App'x 810, 818 (11th Cir. 2014). "As to whether there exist grounds to permit counsel's withdrawal, a motion to permissively withdraw is a matter within the discretion of the Court." Smmons v. House of Brewz LLC, No. 2:14-CV-390-FTM-29CM, 2015 WL 3991021, at *2 (M.D. Fla. June 30, 2015).

Upon consideration of the applicable standards and arguments set forth in the pleadings, the Court finds that Franco's withdrawal should be permitted in this case. As an initial matter, Pefanis has no right to counsel as a civil litigant. Baker v. Coto, 154 F. App'x 854, 858 (11th Cir. 2005). And, at this post-judgment stage of litigation, there is no risk that withdrawal will cause a delay of trial. In fact, a jury verdict was rendered in this case more than five years ago. In addition, it is unlikely that Pefanis will suffer any unfair prejudice if Franco is allowed to withdraw. For at least the last year[3] Pefanis has filed a flurry of motions and responses - many of which were filed by Pefanis in a pro se capacity. That is, even before Franco submitted the instant motions to withdraw, Pefanis was operating, for the most part, as if he was proceeding without counsel. Thus, the Court is convinced, by Pefanis's own actions, that granting Franco's motion will not be unfairly prejudicial to Pefanis.

Moreover, the Georgia Rules of Professional Conduct provide that a lawyer shall withdraw from representation if, among other things, "the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client." Ga. R. Prof. Conduct 1.16(a)(2). In his motions, Franco explains that concentration on his legal practice is difficult due to his son's death. In addition, Franco has experienced health issues with slow recovery. Likewise, Georgia Rule 1.16(b)(5) states that a lawyer may withdraw if continued "representation will result in an unreasonable financial burden on the lawyer. " Ga. R. Prof. Conduct 1.16(b)(5).

---

[3]This case was re-assigned to the undersigned on July 18, 2014, upon the death of the Honorable J. Owen Forrester.

- 3 -

Even in Pefanis contends that he is making payment toward his fees, his request that the Court institute a payment plan suggests that Pefanis is, at least, experiencing some difficulty in paying for the services rendered by Franco.[4]

For the reasons stated herein, the Court finds that Franco seeks to withdraw for good cause and that his withdrawal will not cause delay or unfair prejudice to Pefanis. Therefore, Leonard Franco's Motion to Withdraw as Counsel [Doc. No. 466] and Amended Motion to Withdraw as Counsel [Doc. No. 468] are **GRANTED**. The Clerk is **DIRECTED** to update the docket to reflect that Leonard Louis Franco of The Franco Law Firm, PC is no longer counsel of record for Defendant James Pefanis in this action.

Pefanis shall have fourteen (14) days from the date of this Order to retain new counsel. The Court will hold a hearing on Plaintiff's Motion for Contempt Sanctions [Doc. No. 465] after the expiration of 14 days. If Pefanis has not retained new counsel before the hearing, Pefanis will be required to proceed pro se.

SO ORDERED this 4th day of September, 2015.

s/   CLARENCE COOPER

CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE

---

[4]The Court also notes that the Georgia Rules of Professional Conduct state that a lawyer may withdraw if, among things, "the client insists upon pursuing an objective that the lawyer considers repugnant or imprudent." Ga. R. Prof. Conduct 1.16(b)(3). Plaintiff has filed a motion for Rule 11 sanctions, initially against both Pefanis and Franco, on the ground that certain motions filed by Pefanis are frivolous. (See Doc. No. 467.) Plaintiff subsequently withdrew her Rule 11 motion as to Franco because, among other things, Franco represented to Plaintiff that he attempted, unsuccessfully, to persuade Pefanis to withdraw the motions subject to the Rule 11 filing. (See Doc. No. 476.) Without commenting on the merits of the Rule 11 motion, Plaintiff's statement in her notice suggests that Pefanis may also be insisting upon pursuing an objective that Franco considers imprudent, at best.